UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

                                    Case No.: 09-76150-ast

Janet Blair,

                                    Chapter 7

                      Debtor.
----------------------------------------------------------------X
In re:

                                    Case No. 09-77562 ast

Allen Gary Smith a/k/a Allen G. Smith,

                                    Chapter 7

                      Debtor.
----------------------------------------------------------------X

**APPEARANCES:**

| | |
|---|---|
| Janet I. Blair | Allen Gary Smith |
| 114 Jefferson Avenue | 114 Jefferson Avenue |
| Wyandanch, NY 11798 | Wyandanch, NY 11798 |
| Debtor Pro Se | Debtor Pro Se |
| | |
| Marianne DeRosa, Esq. | Barbara Dunleavy, Esq. |
| Standing Chapter 13 Trustee | Rosicki, Rosicki & Associates, P.C. |
| 100 Jericho Quadrangle - Suite 208 | 51 East Bethpage Road |
| Jericho, NY 11753 | Plainview, NY 11803 |
| Former Chapter 13 Trustee for Janet Blair | Attorney for Secured Creditor |

HON. ALAN S. TRUST, United States Bankruptcy Judge

## MEMORANDUM OPINION GRANTING IN REM RELIEF FROM THE STAY

### Issues Before the Court and Summary of Ruling

      Pending before this Court is the request of a mortgage lender for *in rem* relief

regarding a certain mortgaged premises.  Debtors herein have, together, filed ten (10)

bankruptcy cases.  For the reasons herein, this Court will grant the request for *in rem*

relief.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

## Findings of Fact and Conclusions of Law

The following, along with the findings of fact and conclusions of law stated on the record at the hearings held October 8, 2009, in Ms. Blair's case, and on November 24, 2009, in Mr. Smith's case, which are incorporated herein by reference, constitute this Court's findings of fact and conclusions of law made in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Factual History

Debtors, Janet I. Blair and Allen Gary Smith ("Debtors"), have been residents of certain property located at 114 Jefferson Avenue, Wyandanch, New York 11798 (the "Property") since 1994.  Their relationship to each other, if any, is not known.  Debtors' purchase of the Property was aided by a purchase money mortgage loan made in August 1994 by Kadillac Mortgage Bankers, Ltd. ("Kadillac").  Debtors executed a note and mortgage dated August 5, 1994, in favor of Kadillac in the original amount of $129,857.00 (the "Note" and  "Mortgage").  The Mortgage created a lien against the Property in favor of Kadillac.  The Note and Mortgage were assigned from time to time, ultimately being assigned to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing LP (hereinafter "BAC").

Debtors defaulted on the Note and Mortgage.  On or about January 17, 1997, BAC commenced foreclosure proceedings against Debtors before the Suffolk County Supreme Court (the "Foreclosure Action").

On or about September 30, 2005, after a bankruptcy filing by Ms. Blair delayed the

proceedings, the Suffolk County Supreme Court issued a Judgment of Foreclosure and Sale, which was duly entered in the Office of the Clerk of Suffolk County (the "Judgment"). The Judgment determined, *inter alia*, that Debtors were obligated under the Note and Mortgage in the amount of $290,352.24, plus costs of the Foreclosure Action, which were quantified in the Judgment.  Thus, due to years of failure to make payments, Debtors' obligations had swelled to twice the original amount they had borrowed.

Execution on the Judgment, however, has been frustrated for over four (4) years by a series of bankruptcy filings by Debtors, detailed below.  By the time Mr. Smith filed his current case, Debtors' obligations under the Note and Mortgage had swelled to over $390,000.00—over three (3) times the amount they originally borrowed.

### Procedural History

Ms. Blair's current case was filed on August 18, 2009.  On September 15, 2009, BAC filed a Motion for In Rem Relief from Stay (the "Motion"). [Blair dkt item 10]  On October 8, 2009, this Court conducted a hearing on the Motion.  Because the Motion requested stay relief and *in rem* relief, this Court granted stay relief as against Ms. Blair and adjourned the portion of the Motion seeking *in rem* relief to October 22, 2009.  Ms. Blair then voluntarily converted her case to chapter 7 on October 8, 2009.  Mr. Smith and Ms. Blair appeared at the October 22 hearing, and Mr. Smith spoke in opposition to the granting of *in rem* relief.  Mr. Smith essentially complained about the condition of the Property when Debtors purchased it in 1997, and complained that BAC would not let Debtors sell the Property.  When asked whether Debtors had made any mortgage payments in twelve (12) years, Mr. Smith stated that they had made some.  Mr. Smith then shared that he had filed another bankruptcy case the day before the October 8 hearing. Mr. Smith advised the Court he was seeking relief from any personal liability for any

mortgage deficiency, which the Court had advised would occur if he received his chapter 7

discharge. Because of the revelation of Mr. Smith's most recent filing, this Court took the

*in rem* request in Ms. Blair's case under submission, pending filing of a stay relief motion

in Mr. Smith's newest case.[1]

BAC filed a motion seeking *in rem* stay relief in Mr. Smith's current case on

November 4, 2009. [09-77562, dkt item 16]  Mr. Smith filed an objection on November 23,

2009. [09-77562, dkt item 17]  This objection essentially asserts structural flaws in the

Property at an unasserted time, argues that Debtors had claims against Kadillac arising

from the 1994 Note and Mortgage, and asserts that BAC or its predecessors had agreed

to try to resolve the disputes between the Debtors and BAC.  In support of this last

allegation, Mr. Smith attached letters his former attorneys had received from BAC's

attorneys in November 1998 and October 2000 regarding possible ways to explore

resolution of the then existing defaults by Debtors under the Note and Mortgage.

A hearing was held on the motion in Mr. Smith's case on November 24, 2009.  Mr.

Smith raised the matters asserted in his objection at that hearing.  When questioned about

his prior statements to this Court that he was now only seeking to be relieved of any

personal liability for deficiency, Mr. Smith indicated that he was really looking to stay in the

Property for as long as he could, and wanted a mortgage modification.  At the close of the

November 24 hearing, this Court lifted the stay in Mr. Smith's case for BAC to proceed

with its foreclosure, and set a posthearing submission deadline for any briefing on the *in*

*rem* request of December 8, 2009.

On December 7, 2009, this Court entered orders in each of the Debtors' cases

---

[1] Mr. Smith filed his current case pro se. This Court's official CM/ECF records reflect that Mr. Smith received assistance of this Court's pro se law clerk on October 14, 2009; October 16, 2009; and October 19, 2009.

lifting the stay for BAC to proceed with the Foreclosure Action. [09-76150, dkt item 30; 09-77562, dkt item 20]

On December 7, 2009, BAC filed a posthearing memorandum of law in each of Debtors' current cases. [09-76150, dkt item 29; 09-77562, dkt item 21].

### The History of Debtors Bankruptcy Filings

This Court will summarize Debtors' respective bankruptcy filings as follows, and in their relation to BAC's efforts to foreclose.

On July 15, 1997,  Ms. Blair, filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code, Case No. 97-85302 ("Case Number 1").  BAC was consequently stayed from proceeding with the Foreclosure Action.  BAC obtained relief from the automatic stay by Order of the Court dated January 21, 1999.  Accordingly, BAC continued with the Foreclosure Action.

On September 30, 2005, the Judgment in the Foreclosure Action was entered in BAC's favor.  Pursuant to the Judgment, a foreclosure sale was scheduled for January 6, 2006.  On the eve of the scheduled sale, Mr. Smith filed a bankruptcy petition under Chapter 13, Case No. 06-70022 ("Case No. 2").  BAC was consequently stayed from proceeding with the Foreclosure Action.  BAC obtained relief from the automatic stay by Order of this Court, dated May 23, 2006.  Accordingly, BAC continued with the Foreclosure Action.

A foreclosure sale was scheduled for August 15, 2006.  On the eve of the scheduled sale, August 14, 2006, Ms. Blair filed under Chapter 13, Case No. 06-71900 ("Case No. 3").  Upon the Chapter 13 Trustee's motion, the case was dismissed by Order dated October 31, 2006.  Accordingly, BAC continued with the Foreclosure Action.

A foreclosure sale was scheduled for January 9, 2007.  On the eve of the scheduled

sale, January 8, 2007, Mr. Smith filed under Chapter 13, Case No. 07-70064 ("Case No. 4").  Upon BAC's motion, stay relief was obtained by Order dated May 30, 2007.  Accordingly, BAC continued with the Foreclosure Action.

A foreclosure sale was scheduled for June 18, 2007.  Prior to the scheduled sale, on June 15, 2007, Ms. Blair filed under Chapter 13, Case No. 07-72188 ("Case No. 5").  Upon BAC's motion, *in rem* stay relief for 180 days was granted by Order dated July 31, 2007.  Accordingly, BAC continued with the Foreclosure Action.

A foreclosure sale was scheduled for October 18, 2007.  On the eve of the scheduled sale, October 17, 2007, Mr. Smith filed under Chapter 13, Case No. 07-74133 ("Case No. 6").  As a precautionary measure, BAC canceled the sale.  Upon the Debtor's application, Case No. 6 was dismissed on December 20, 2007.  Accordingly, BAC continued with the Foreclosure Action.

On January 9, 2008, Ms. Blair filed under Chapter 13, Case No. 08-70114 (Case No. 7").  That case was subsequently automatically dismissed on February 26, 2008, for Debtor's failure to file the required schedules and documents.  Accordingly, BAC continued with the Foreclosure Action.

A foreclosure sale was scheduled for February 18, 2009.  On the eve of the scheduled sale, February 17, 2009, Mr. Smith filed under Chapter 13, Case No. 09-70924 ("Case No. 8").  Upon the Trustee's application, the case was dismissed by Order entered on May 15, 2009.  Accordingly, BAC continued with the Foreclosure Action.

A foreclosure sale was scheduled for August 19, 2009.  On the eve of that scheduled sale, August 18, 2009, Ms. Blair filed this case under Chapter 13, Case No. 09-76150 ("Case No. 9").  BAC filed a Motion for In Rem Relief.  As noted, following a hearing before this Court held on October 8, 2009, BAC's application for relief from the automatic

stay was granted and a hearing on the *in rem* portion of the application was scheduled on October 22, 2009.  On October 8, 2009, Ms. Blair voluntarily converted the case to Chapter 7.

On October 7, 2009, Mr. Smith filed his current Chapter 7 case, Case No. 09-77562 ("Case No. 10").

## Legal Analysis of *In Rem* Relief

As is evident from the history and timing of these ten bankruptcy filings, Debtors have engaged in serial bankruptcy filings to prevent the foreclosure process from being completed by BAC.

Debtors have evinced no true intention to reorganize their financial affairs under chapter 13 of the Bankruptcy Code, nor have they acted as honest debtors in search of a fresh start.  Rather, they have engaged in serial filings to thwart the efforts of BAC to exercise its lawful rights under state law.  None of their eight prior chapter 13 cases was prosecuted to any meaningful degree.  The serial filings are evidence of bad faith, and evidence of the fact that Debtors have been abusing the bankruptcy process for several years.  Further, Mr. Smith's statements at the October and November 2009 hearings make clear that Debtors' true intentions are to live in the Property for free for as long as possible.

These uncontroverted facts support the Court's conclusion that Debtors have engaged in a scheme to hinder, delay, and defraud BAC.

## *In Rem* Relief

As this Court has recently written in *In re Montalvo*, 416 B.R.381 (Bankr. E.D.N.Y. 2009), among the amendments to the Bankruptcy Code effected by the 2005 Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), was the addition of Section 362(d)(4),

providing for the statutory authority to grant *in rem* relief.  Pursuant to Section 362(d)(4),[2]

the Court can grant *in rem* relief from the stay as to BAC's interest in the Property, such

that any and all future filings by any person or entity with an interest in the Property will not

operate as an automatic stay against the owner and its successors and/or assigns for a

period of two years after the date of the entry of such an order.  To obtain the relief

requested, BAC bears the burden of showing that the various petitions filed by Debtors are

part of a scheme to hinder, delay and defraud BAC under Section 362(d)(4)(B). 11 U.S.C.

§ 362(d)(4)(B); *see also In re Lemma*, 394 BR. 315 (Bankr. E.D.N.Y. 2008); *In re Abdul*

*Muhaimin*, 343 B.R. 159, 167-68 (Bankr. D. Md. 2006).  There is no allegation here that

the Debtors have engaged in transfers of interests in the property under Section

362(d)(4)(A).

As this Court also noted in *Montalvo*, Courts have varied on whether a bankruptcy

court can infer an intent to hinder, delay, and defraud creditors from the fact of serial

filings alone.  *Compare In re Poissant*, 405 B.R. 267, 273 (Bankr. N.D. 2009); *In re*

*Abdulla*, No. 08-16802, 2009 WL 348365 at *1 (Bankr. D. Mass. Feb. 6, 2009); *and In re*

*Smith*, 395 B.R. 711, 719-20 (Bankr. D. Kan. 2008) (several filings alone are not adequate

to find intent to hinder, delay and defraud, which requirements are in the conjunctive and

must all be demonstrated); *with In re Hendersen*, 395 B.R. 893, 902 (Bankr. D.S.C. 2008);

---

[2]Section 362(d)(4) provides in relevant part:
[W]ith respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either-

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

*and In re Johnson*, No. 07-33312, 2008 WL 183342 (Bankr. E.D. Va. Jan. 18, 2008)

(finding multiple, strategically timed bankruptcy filings can be basis for inference of

debtor's intent to hinder, delay and defraud).  In *Montalvo*, this Court joined those courts

which hold that the mere timing and filing of several bankruptcy cases is an adequate

basis from which a court can draw a permissible inference that the filing of a subsequent

case was part of a scheme to hinder, delay, and defraud creditors.

Here, Debtors have neither filed nor confirmed a chapter 13 plan.  None of their

chapter 13 cases were prosecuted to any meaningful extent. The timing and sequencing

of the filings is also significant.  Each was filed on the eve of or shortly before significant

events affecting the Property.  The uncontroverted record of the filings and lack of any

good faith prosecution of each of Debtors' prior cases allows this Court to draw a

permissible inference and find that the instant petitions were part of a scheme of Debtor to

hinder, delay, and defraud BAC.

Section 362(d)(4)(B) provides that:

> If recorded in compliance with applicable State laws governing notices
> of interests or liens in real property, an order entered under paragraph
> (4) shall be binding in any other case under this title purporting to
> affect such real property filed not later than 2 years after the date of
> the entry of such order by the court, except that a debtor in a
> subsequent case under this title may move for relief from such order
> based upon changed circumstances or for good cause shown, after
> notice and a hearing.

11 U.S.C. § 362(d)(4)(B) (emphasis added).

Therefore, this Court will enter an Order such that any future bankruptcy filings by

either of the Debtors, or any other person having an interest in the Property, will not

operate as a stay of any action against the Property for a period of two years after the date

of the entry of the orders hereon.

## **CONCLUSION**

For the reasons stated herein, *in rem* relief should be granted.  Orders consisted

herewith shall contemporaneously be entered.



Dated: December 21, 2009
        Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**